**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**YEMAYA JONES as next of friend to INDIGO JONES and SHANDANI JONES,**

**Plaintiff,**

**v.**

**FORD MOTOR CORPORATION,**

**Defendant.**

**2002-CV-0065**

**TO: Lee J. Rohn, Esq.**
**Sunshine S. Benoit, Esq.**

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE THE TESTIMONY OF PLAINTIFFS' EXPERTS**

THIS MATTER came before the Court for consideration upon Defendant Ford Motor Corporation's Motion to Strike the Testimony of Plaintiffs' Experts (Docket No. 107). Plaintiffs filed an Opposition thereto, and Defendant filed a Reply.

Defendant requests that the undersigned strike Plaintiffs' experts' testimony for Plaintiffs' disregard of Court Scheduling Order dated September 20, 2006 (Docket No. 106). Said Order required Plaintiffs' experts to be deposed by January 20, 2007, and the dates and locations of Plaintiffs' experts' depositions were to be given by October 30, 2006.

Defendants claim that "[t]o date, Plaintiffs have failed to comply with this Court's Order and have not provided any dates for their depositions." Motion at 1.

Plaintiffs oppose Defendant's Motion by saying, *inter alia*, that "Defendant is being disingenuous with this motion." Opposition at 4. Plaintiffs state that "since the last pretrial conference on September 20, [D]efendant has never informed Plaintiff as to which of its experts it wants to depose, nor has it ever requested any deposition dates." *Id*. at 5. Furthermore, "this Scheduling Order . . . require[d] that [D]efendant provide available dates and places for its experts['] depositions by December 30, 2006." *Id.* Plaintiffs assert, most importantly, that in order to impose said sanction "serious, repeated and/or flagrant violations of the discovery process" must occur. *Id*. at 7. Finally, Plaintiffs submit that "a motion to strike the testimony of Plaintiff's [sic] experts is not the current vehicle to use, since both the Federal and Local Rules of Civil Procedure only have provisions for pleadings to be stricken." *Id*. at 12.

**DISCUSSION**

Whether a Motion to Strike is the proper or "current" vehicle to use needs not be addressed, as Defendant has failed in its motion to persuade the Court that exclusion of Plaintiffs' experts' testimony is warranted. Accordingly, and for the following reasons, the undersigned denies Defendant's Motion to Strike the Testimony of Plaintiffs' Experts.

Plaintiffs' counsel rightly points out that, when determining whether to exclude evidence, the undersigned must apply the factors outlined in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 .2d 113 (3d Cir. 1977) *aff'd*, 482 U.S. 656, 107 S. Ct. 2617, 96 L. Ed. 2d 572 (1987).

The court in *Meyers* articulated four (4) elements to be considered:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness . . . .

*Meyers*, 559 F.2d at 904-05.

A *Meyers* analysis indicates that Defendant Ford Motor Corporation has not shown prejudice or surprise in fact that may not be cured. Assuming *arguendo* that Defendant is prejudiced, it is, nevertheless, unclear why Plaintiffs are any less prejudiced by the failure to depose their own experts. Furthermore, any prejudice experienced by Defendant is easily cured simply by deposing said experts. Additionally, the undersigned can not say that any prejudice is the result of bad faith or willfulness on the part of Plaintiffs. Accordingly, the undersigned holds that Defendant's Motion to Strike the Testimony of Plaintiff's Experts is denied.

Given that trial is set for November 13, 2007, the undersigned shall also determine a date by which both Plaintiffs' and Defendant's expert depositions must be completed.

It is now hereby **ORDERED:**

1. Defendant Ford Motor Corporation's Motion to Strike the Testimony of Plaintiff's Experts (Docket No. 107) is **DENIED**.

2. Plaintiffs' and Defendant's experts shall be deposed **on or before September 14, 2007.**

ENTER:

Dated: August 6, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE